FILED
DISTRICT COURT   IN THE UNITED STATES DISTRICT COURT
   MARYLAND         FOR THE DISTRICT OF MARYLAND

2009 JUN -9 P 3:51

LLOYD GEORGE MAXWELL, #23935-037         *
   Petitioner
               *

BY_____  DEPUTY
   v.           CIVIL ACTION NO. MJG-09-114
              * CRIMINAL NO. MJG-87-0371
UNITED STATES OF AMERICA
   Defendant       *
           *******

## MEMORANDUM OPINION

Now before the Court is a Motion to Vacate Judgment pursuant to Fed. R.Civ.P. 60(b)(2) filed by Lloyd George Maxwell. See Paper No. 128, Criminal No. HM-87-271. Mr. Maxwell is a federal prisoner at F.C.I. Youngstown and is proceeding in this matter pro se. In his petition, Mr. Maxwell asks the Court to vacate his 1988 convictions.

In 1988, the Petitioner was convicted by a jury of conspiracy to possess with intent to distribute cocaine and possession with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. §846, 841(a)(1) and 18 U.S.C. § 2, and he was sentenced to five years imprisonment followed by a special parole term of four years. See United States v. Maxwell, Criminal No. HM-87-371 (D. Md. 1987), aff'd., 889 F.2d 1085 (4th Cir. 1989)(Unpublished).

On November 8, 1996, this Court denied Petitioner's motion to vacate his sentence under 25 U.S.C. §2255. See id. at docket entries nos. 97 and 98. The Court subsequently denied: 1) Petitioner's motion for a certificate of appealability; 2) Petitioner's motion to reconsider denial of his §2255 motion; and 3) Petitioner's application for a certificate of appealability. See id. at docket entries nos. 101, 102, 107, 108, 109, and 110.

Petitioner appealed to the United States Court of Appeals for the Fourth Circuit. On March 23, 1998, the Fourth Circuit dismissed Petitioner's consolidated appeal from the denial of

his §2255 motion as untimely and affirmed the denial of the motion for a certificate of appealability and the motion for reconsideration. See United States v. Maxwell, 139 F.3d 895 (4th Cir. 1998) (Unpublished), cert. denied, 525 U.S. 917 (1998).

Subsequently Maxwell's Petition for Writ of Mandamus, Petition for Writ of Corum Nobis, and successive Motion to Vacate, each challenging his convictions were denied by this court. See Maxwell v. Drug Enforcement Administration, Civil Action No. L-00-2389 (D. Md. 2000); Maxwell v. United States, Civil Action No. L-02-738 (D. Md. 2002), Maxwell v. United States, Civil Action No. L-03-3178 (D. MD. 2003).

Defendant now challenges the validity of his sentence by way of Rule 60(b) of the Federal Rules of Civil Procedure. Defendant contends that he was denied the effective assistance of counsel in that counsel failed to object to the voir dire process which resulted in the removal of all African Americans from the panel in violation of Batson v. Kentucky, 476 U.S. 79 (1986). He also states that he was denied effective assistance of counsel in that counsel failed to advise him of his right to contact the Jamaican Embassy under the Vienna Convention.

Relief from judgment pursuant to Rule 60(b) is a matter committed to the discretion of the district court. See Universal Film Exchanges, Inc. v. Lust, 479 F.2d 573, 576 (4th Cir. 1973). In order to prevail under Rule 60(b), a movant must first meet certain "threshold conditions." National Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir. 1993). It must be shown that: 1) the motion is timely; 2) there is a meritorious defense; and 3) the opposing party would not suffer unfair prejudice by having the judgment set aside. See Park Corp. v. Lexington Ins. Co., 812 F.2d 894, 896 (4th Cir. 1987). If the threshold conditions are met, the analysis proceeds to a second stage of inquiry: the movant must satisfy one or more of the six grounds for relief in 60(b)(1)-(6). See Werner v. Carbo, 731 F.2d 204, 207 (4th Cir. 1984). If the

movant is able to establish the elements of the first and second stages of this analysis, the "court must balance the competing policies favoring the finality of judgments and justice being done in view of all the facts, to determine, within its discretion, whether relief is appropriate in each case." Square Construction, Co. v. Washington Metro. Area Transit Authority., 657 F.2d 68, 71 (4th Cir. 1981).

Federal Rule of Civil Procedure 60(b) provides in relevant part:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation.

Rule 60(b) contemplates that a party may file a motion to set-aside within a "reasonable time" and for motions under to subsections (1) and (3), within a year of entry of judgment. "Motions under Rule 60(b) must be brought 'within a reasonable time' and 'the movant must make a showing of timeliness.'" McLawhorn v. John W. Daniel & Co., Inc., 924 F.2d 535, 538 (4th Cir. 1991). What constitutes a "reasonable time" for the filing of a Rule 60(b) motion "depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and [the consideration of] prejudice [if any] to other parties." Kagan v. Caterpillar Tractor Co., 795 F.2d 601, 610 (7th Cir. 1986).

**Conclusion**

This Rule 60(b) motion appears untimely. Petitioner's claims are premised on case law that was established prior to Petitioner's conviction. Specifically, Petitioner raises claims under Strickland v. Washington, 466 U.S. 668 (1984), Batson v. Kentucky, 476 U.S. 79 (1986), and the Vienna Convention which was signed in 1969. The motion was filed more than twenty years after entry of the judgment from which relief is sought, and Petitioner fails to provide any explanation for the delay.

Moreover, the extraordinary remedy of Rule 60(b) is only to be granted in exceptional circumstances. See Compton v. Alton S.S. Co., 608 F.2d 96, 102 (4th Cir.1979). In this case, Petitioner has not advanced any grounds justifying relief under any of the subsections of Rule 60(b).

June 8, 2009
Date

/s/
Marvin J. Garbis
United States District Judge